UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| CARLOS CAMACHO, | : | |
| | : | Civil Action No. 11-6112 (DMC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PAUL LAGANA, et. al., | : | |
| | : | |
| Respondents. | : | |

---

**APPEARANCES:**

> **CARLOS CAMACHO**, Petitioner <u>Pro Se</u>
> # 446328/55909
> Northern State Prison
> 168 Frontage Road, P.O. Box 2300
> Newark, New Jersey 07114-2300

**CAVANAUGH**, District Judge

This matter is before the Court on petitioner Carlos Camacho's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he is challenging his 2003 New Jersey state court conviction and sentence.  For reasons discussed below, it appears from review of the petition papers provided by petitioner that his § 2254 habeas petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).[1]

---

[1] Although the statute of limitations is an affirmative defense, <u>Robinson v. Johnson</u>, 313 F.3d 128, 134 (3d Cir. 2002), <u>cert</u>. <u>denied</u>, 124 S.Ct. 48 (2003), it is appropriate for a

1

I.   PROCEDURAL BACKGROUND

Petitioner, Carlos Camacho ("Camacho"), filed a petition for habeas corpus relief on or about September 28, 2011.[2]  According to the allegations contained in his petition, Camacho was convicted by jury trial on or about March 7, 2003, in the Superior Court of New Jersey, Law Division, Passaic County on charges of murder, possession of a knife for an unlawful purpose, and possession of a knife under the circumstances not appropriate

_____

district court to raise the issue <u>sua</u> <u>sponte</u> prior to ordering an answer.  The Supreme Court held that district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely.  <u>Day v. McDonough</u>, 126 S.Ct. 1675, 1684 (April 25, 2006).

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988); <u>see</u> <u>also</u> <u>Burns v. Morton</u>, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in <u>Houston</u>, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.  <u>See</u> <u>Henderson v. Frank</u>, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Here, Camacho signed his petition, saying that he placed it in the prison mailing system on September 28, 2011.  Therefore, the Court will use the date September 28, 2011, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the petition was received by the Court on October 13, 2011.

for its lawful use.  Camacho was sentenced to a term of 30 years in prison.  (Petition at ¶¶ 1-6).

Camacho filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division. On December 30, 2004, the Appellate Division affirmed the conviction and sentence.  The Supreme Court of New Jersey denied certification on April 8, 2005.  State v. Camacho, 183 N.J. 257 (N.J. 2005).  Camacho did not file a petition for a writ of certiorari with the Supreme Court of the United States.  (Pet., ¶¶ 8, 9).

Camacho states that he filed a petition for post-conviction relief ("PCR"), pro se, in the Superior Court of New Jersey, Law Division, Passaic County, on February 16, 2007.  The PCR petition was denied on February 29, 2008.  (Pet., ¶¶ 11).  Camacho appealed from the decision denying his PCR petition, which the Appellate Division affirmed in an unpublished opinion on August 16, 2010.  State v. Camacho, 2010 WL 3218888 (N.J. Super. A.D. Aug. 16, 2010).  The Supreme Court of New Jersey denied certification on February 10, 2011.  (Pet., ¶ 12(d)(6)).  State v. Camacho, 205 N.J. 101 (Feb. 10, 2011).

As stated above, Camacho filed this federal habeas petition on September 28, 2011.

## II.    STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III.    STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

4

was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d
Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J.
1996).

Thus, pursuant to § 2244(d), evaluation of the timeliness of
a § 2254 petition requires a determination of, first, when the
pertinent judgment became "final," and, second, the period of
time during which an application for state post-conviction relief
was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the
meaning of § 2244(d)(1) by the conclusion of direct review or by
the expiration of time for seeking such review, including the 90-
day period for filing a petition for writ of certiorari in the
United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417,
419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d
Cir. 1999); U.S. Sup. Ct. R. 13.

The limitations period is tolled, however, during the time a
properly filed application for state post-conviction relief is
pending.  28 U.S.C. § 2244(d)(2).  An application for state post-
conviction relief is considered "pending" within the meaning of
§ 2244(d)(2), and the limitations period is statutorily tolled,
from the time it is "properly filed,"[3] during the period between

---

[3] An application is "properly filed" when its delivery and
acceptance are in compliance with the applicable laws and rules

a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Camacho's judgment of conviction became final after the enactment of AEDPA. The judgment of conviction was entered on or about March 7, 2003, and Camacho filed a direct appeal shortly thereafter. On December 30, 2004, the Appellate Division affirmed the conviction and sentence. The New Jersey Supreme Court denied certification on April 8, 2005. Camacho did not

---

governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

6

file a petition for a writ of certiorari with the Supreme Court of the United States.  Therefore, Camacho's judgment of conviction became final 90 days after April 8, 2005, or on July 8, 2005.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.

Accordingly, Camacho had one year from the date on which his judgment of conviction became final under § 2244(d)(1)(A), July 8, 2005, or until July 8, 2006, to timely file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Camacho would have had to file his state PCR petition before the one-year period had expired, or before July 8, 2006.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, Camacho admittedly did not file his state PCR petition until February 16, 2007, more than seven (7) months after the one-year statutory period expired on July 8, 2006.  Consequently, statutory tolling does not apply in this case.

Moreover, Camacho did not file his habeas petition until September 28, 2011, more than 5 years after his limitations period had expired.  Therefore, it would appear from the face of the petition that this habeas action is now time-barred under 28 U.S.C. § 2244(d).

Before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness. See Day v. McDonough, 547 U.S. 198 (2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

Camacho may be able to overcome this statutory time bar if he can show that the limitations period did not expire as determined by this Court, or if he can show a basis for equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in

8

attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[4]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d

---

[4] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Cir.)(quoting <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000)), <u>cert</u>. <u>denied</u>, 539 U.S. 948 (2003).

Therefore, before this Court can dismiss this petition as time-barred, an Order will be issued directing Camacho to show cause why his petition should not be dismissed as time-barred.

CONCLUSION

For the foregoing reasons, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order Camacho to show cause in writing why his petition should not be dismissed as untimely. An appropriate order follows.

DENNIS M. CAVANAUGH
United States District Judge

DATED: 7/24/12

10